The document below is hereby signed.

Signed: January 12, 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA

In re                           )
                                )
LULSEGED GUADIE,                )   Case No. 17-00054
                                )   (Chapter 7)
              Debtor.           )   Not for publication in
                                )   West's Bankruptcy Reporter.
```

### MEMORANDUM DECISION AND
### ORDER RE MOTION TO DISMISS MOTION TO AVOID LIEN

The _Debtor's Motion to Avoid Judicial Lien as Impairing Exemption and as Preferential Transfer_ (Dkt. No. 107) seeks to avoid a judicial lien (a charging order) in favor of Santorini Capital, LLC ("Santorini") on the debtor's 2% interest in an LLC (Guadie Developments, LLC). In turn, Santorini has moved for dismissal of the debtor's motion. Santorini's request for dismissal must be denied for the following reasons.

### I

The debtor has valued his interest in the LLC at zero dollars, but has claimed an exemption of $1 in that asset. Santorini argues, erroneously, that the debtor may not invoke 11

U.S.C. § 522(f) to avoid Santorini's lien when the debtor values the asset subject to the lien as worthless.

Santorini holds the only lien on the asset. Under 11 U.S.C. § 522(f)(1), a judicial lien is avoidable "to the extent that such lien impairs an exemption to which the debtor would have been entitled." The formula for determining whether the lien impairs an exemption is found under § 522(f)(2)(A):

> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> > (i) the lien;
> > (ii) all other liens on the property; and
> > (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Accordingly, the court must first add Santorini's charging order lien, for $1,893,407.23,[1] to the $8,300 that the debtor asserts he could claim as exempt pursuant to 11 U.S.C. § 522(d)(5),[2] a

---

[1] By reason of interest accruals, the $1,893,407.23 figure may have increased, but for purposes of analysis, I will use the $1,893,407.23 figure.

[2] Under § 522(d)(5), the debtor may exempt his "aggregate interest in any property, not to exceed in value $1,250 plus up to $11,850 of any unused amount of the exemption provided under paragraph (1) of this subsection." The debtor claimed no exemption under § 522(d)(1), so $13,100 of property could be claimed as exempt under § 522(d)(5). The debtor claimed no other assets to be exempt under § 522(d)(5), except for a $1 exemption as to his 2% interest in 608 Girard Street, LLC, so he could claim an exemption of $13,099 under § 522(d)(5) with respect to his 2% interest in Guadie Developments, LLC. But for purposes of analysis, I will use the debtor's $8,300 figure.

sum of $1,901,707.23, and then determine whether that foregoing sum of $1,901,707.23 "exceeds the value that the debtor's interest in the property would have in the absence of any liens." If the asset is worthless the $1,901,707.23 sum exceeds the value of the debtor's interest in the LLC by $1,901,707.23, and, accordingly, the entire lien of $1,893,4707.23 is avoidable.

It matters not that the exemption claimed of $1 may be worth nothing if the debtor was correct in valuing the asset as worthless. Congress intended that debtors would be allowed to avoid certain liens even if they hold no equity in the property. *Kolich v. Antioch Laurel Veterinary Hospital(In re Kolich)*, 273 B.R. 199, 202 (B.A.P. 8th Cir. 2002); aff'd, 328 F.3d 406 (8th Cir. 2003). In *Kolich*, the debtors sought to avoid a judicial lien on the debtors' home where two other consensual liens on the home consumed all the equity the debtors would have had. *Id.* at 201. The Bankruptcy Appellate Panel approved the bankruptcy court's analysis finding that Congress intended to overrule earlier cases barring a debtor from avoiding the lien where there was no equity. *Id.* at 204. Similarly, in *In re May*, 340 B.R. 633, 635 (Bankr. W.D. Ark. 2006), the court held that the debtors were able to avoid a lien that impaired the debtors' homestead exemption. The court held:

> A debtor is entitled to avoid a judicial lien that impairs a homestead exemption even if the debtors have no equity in the property. Kolich v. Antioch Laurel Veterinary Hosp. Inc., (In re Kolich), 273 B.R. 199, 204

>   (8th Cir. BAP 2002)(citing F.D.I.C. v. Finn (In re Finn), 211 B.R. 780, 782–84 (1st Cir. BAP 1997) and quoting H.R.Rep. No. 835, 103d Cong., 2d Sess. 45 (1994)), aff'd, 328 F.3d 406 (8th Cir.2003). See also Higgins v. Household Fin. Corp. (In re Higgins), 201 B.R. 965, 967–968 (9th Cir. BAP 1996) (holding that "Congress has made it clear in amending section 522 that a lien will be deemed to impair an exemption, even when there is no equity in the property, if the sum of all the liens on the property and the hypothetical value of the exemption without liens exceeds the value of the debtor's interest in the property in the absence of liens."); In re Whitehead, 226 B.R. 539, 541 (Bankr.W.D.N.Y.1998) (stating that the amendments to section 522, for the purposes of determining impairment, create equity, "even if the debtor otherwise has no equity in the property"); In re VanZant, 210 B.R. 1011, 1016 (Bankr.S.D.Ill.1997) (concluding that the debtor was entitled to avoid the creditor's lien in its entirety although she had no equity in the property above the amount of her homestead exemption).

*Id.*

Admittedly, these cases deal with situations where there is no equity because other liens consume all the equity, unlike the situation here where the asset is worthless. Nevertheless, the statute does not distinguish between worthless property and property completely encumbered by liens. Under the formula in § 522(f)(2), a lien is not avoidable only if the value of the property exceeds the amount that the debtor could claim exemptible. The debtor's burden of proof is to show that the value of the property is less than the amount of the exemption that he could claim against the property. If the value is less than such exemptible amount, the entirety of Santorini's lien impairs the exemption that could be claimed and is avoidable.

The debtor will carry his burden of proof even if his evidence shows that the 2% interest in the LLC is worthless.

If, on the other hand, the chapter 7 trustee were able to sell that asset for $1, the debtor would be entitled to assert the $1 exemption (or such higher amount he could claim as exempt) against the net proceeds of the sale, and to avoid Santorini's judicial lien as impairing the debtor's exemption. The avoidability of the entirety of the lien does not differ depending on whether the value of the interest in the LLC is zero or $1.

In short, a debtor is not barred by the debtor's valuation of an asset as being worthless from claiming an exemption in the asset and from seeking to avoid a judicial lien pursuant to 11 U.S.C. § 522(f) as impairing that exemption. There may be a different outcome if the debtor claims zero as the amount of a claimed exemption in an asset, where effectively no exemption has been claimed. *See, e.g.*, *In re Berryhill*, 254 B.R. 242, 244 (Bankr. N.D. Ind. 2000) (holding that "a claimed exemption of $0.00 is the equivalent of no exemption whatsoever. Without a claimed exemption in property, there is nothing that § 522(f) can be used to protect." (citations omitted)); *In re Forti*, 224 B.R. 323 (Bankr. D. Md. 1998) (when a debtor lists zero as the "Value of Claimed Exemption" on Schedule C, no dollar amount has been claimed as exempt). Here, in contrast, the debtor *has* claimed an

exemption in the asset, an exemption of $1, and under the test of § 522(f)(2), the entirety of Santorini's lien impairs that exemption and is avoidable (unless the value of the debtor's interest in the LLC exceeds the exemptible amount).

II

The debtor also moves to avoid Santorini's lien as a preference under 11 U.S.C. § 547, invoking 11 U.S.C. § 522(h). The arguments raised by Santorini do not warrant dismissing the motion to avoid its lien under § 522(h).

A.

Santorini asserts that under Fed. R. Bankr. P. 7001, avoidance under § 522(h) must be pursued via an adversary proceeding. As explained in *In re Cramer*, 393 B.R. 611, 612 n.1 (Bankr. N.D. Ill. 2008):

> Under Rule 7001(2), lien avoidance under section 522(h) ordinarily requires an adversary proceeding. See Fed. R. Bankr. P. 7001(2); *In re Lafoon*, 278 B.R. 767, 770 (Bankr. E.D. Tenn. 2002). But the rule is not jurisdictional, *In re Pence*, 905 F.2d 1107, 1109 (7th Cir. 1990), and parties can waive its requirements and resolve lien validity issues by motion if they prefer, *id.; see also In re Zolner*, 249 B.R. 287, 292 (N.D. Ill. 2000).

Santorini has forfeited the right to insist on an adversary proceeding. On August 23, 2017, Santorini filed an objection to the debtor's motion to avoid Santorini's lien, and in that objection Santorini raised no argument that avoidance of its lien as a preference under § 522(h) must proceed by way of an

6

adversary proceeding.  Moreover, on August 24, 2017, Santorini appeared at a scheduling conference and raised no objection that the avoidance of its lien under § 522(h) could only proceed by way of an adversary proceeding, and agreed to a schedule for disposing of the motion to avoid its lien, leading to a scheduling order entered on September 20, 2017, setting a November 30, 2017 deadline for completing discovery, and setting the trial of the motion to be held on January 16, 2018. Santorini waited until November 30, 2017, the deadline for completing discovery, to file its motion to dismiss the motion to avoid its lien.  Rule 7001, in requiring an adversary proceeding for avoidance of a lien as a preference, is not jurisdictional, and the right to an adversary proceeding can be forfeited by failing to raise the right in a timely fashion.  *See Kontrick v. Ryan*, 540 U.S. 443, 456 (2004) (holding that "a claim-processing rule, on the other hand, even if unalterable on a party's application, can nonetheless be forfeited if the party asserting the rule waits too long to raise the point.").  Without raising any objection at the scheduling conference regarding its entitlement to an adversary proceeding, Santorini let the court issue a scheduling order treating the entirety of the motion to avoid its lien as a contested matter under Fed. R. Bankr. P. 9014, instead of insisting that part of the matter proceed only by way of an adversary proceeding.  *See In re Pilate*, 487 B.R.

7

345, 352 n.5 (Bankr. D.D.C. 2013). Santorini has thus forfeited its right to insist on an adversary proceeding by failing timely to raise an objection asserting its entitlement to an adversary proceeding.

B.

Santorini also argues that only the trustee can avoid its lien as a preference. However, Santorini fails to take account of § 522(h). Santorini's lien on the debtor's 2% interest in the LLC constitutes an involuntary transfer of the debtor's interest in the LLC. If the trustee had avoided the lien, application of § 522(g)(1) to the transfer would not be barred by § 522(g)(1)(A) because the debtor did not make a voluntary transfer of his 2% interest in the LLC. In turn, when the trustee has not attempted to avoid the transfer, § 522(h) permits the debtor to attempt to avoid the lien "to the extent that the debtor could have exempted such property under subsection (g)(1) of this title if the trustee had avoided such transfer" as avoidable under § 547.

C.

Santorini argues that if the debtor's interest in the LLC is worthless, its charging lien has reached nothing of value, and thus it has not received a preference. The charging lien reaches all of the debtor's existing and future rights pursuant to his 2% interest in the LLC.

That 2% interest was, for purposes of 11 U.S.C. § 547(e)(3), property in which the debtor had acquired his rights, before the issuance of the charging order.  For purposes of § 547(e)(3), the focus is on when the debtor acquired the 2% interest in the LLC, not, as Santorini argues, on when distributions might become payable pursuant to the 2% interest in the LLC.

The debtor has a right to distributions from the LLC, and the charging lien, if not avoided, effected a transfer of those rights.  Accordingly, for purposes of § 547(b)(1), there was a transfer of an interest of the debtor in property to Santorini. If there are distributions to which the debtor is or will be entitled, the charging lien, unless avoided, has effected a transfer of an asset of the debtor that, it appears, will enable Santorini to receive more than it would receive if the transfer had not been made and if Santorini only received payment, with other unsecured creditors, as provided by the Bankruptcy Code. The right pursuant to the lien to receive distributions payable to the debtor should be avoidable if the other elements of a preference under 11 U.S.C. §  547(b) are proven, but only to the extent allowed by 11 U.S.C. § 522(h) (limiting avoidance to the extent that the debtor could have exempted the property).

D.

Santorini argues that under § 547(c)(9), its lien is not avoidable as a preference if "the aggregate value of all property

that constitutes or is affected by such transfer is less than $6,425." This is an affirmative defense, and at trial Santorini may renew the defense. The record will have to show that the lien effected a transfer of property worth less than $6,425 if Santorini is to prevail on this affirmative defense. The debtor has deemed his 2% interest in the LLC to be worthless, but the evidence at trial may show to the contrary, as Santorini has claimed that the debtor's 2% interest in the LLC is worth a substantial sum, and Santorini has an incentive to show that the asset has substantial value for purposes of defending against the avoidability of the lien under § 522(f)(1). Santorini refused to stipulate at the pretrial conference of January 9, 2018, that the asset is worthless.

IV

In light of the foregoing, it is

ORDERED that Santorini's *Motion to Dismiss Debtor's Motion to Avoid Judicial Lien as Impairing Exemption and as Preferential Transfer* (Dkt. No. 141) is DENIED.

[Signed and dated above.]

Copies to: E-recipients of orders.