The document below is hereby signed.

Signed: March 5, 2018



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LULSEGED GUADIE, | ) | Case No. 17-00054 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION SUPPLEMENTING
ORAL DECISION RE MOTION TO AVOID LIEN

The Debtor's *Motion to Avoid Judicial Lien as Impairing Exemption and as Preferential Transfer* (Dkt. No. 107) ("*Motion to Avoid Lien*") sought to avoid a judicial lien (a charging order) in favor of Santorini Capital, LLC ("Santorini") on the 2% interest of the debtor, Lulseged Guadie, in Guadie Developments, LLC, as to which the debtor claimed an exemption of $1. This supplements the court's oral decision of January 16, 2018, granting the debtor's *Motion to Avoid Lien* with respect to avoidance of the charging order under 11 U.S.C. § 522(f).

I

On November 30, 2017, Santorini moved for dismissal of the debtor's *Motion to Avoid Lien*, essentially arguing that a debtor

may not avoid a lien on property that the debtor values as worthless.  Pursuant to a *Memorandum Decision and Order re Motion to Dismiss Motion to Avoid Lien* (Dkt. No. 160) signed on January 12, 2018, and entered on January 16, 2018, the court denied Santorini's request for dismissal.  That *Memorandum Decision and Order re Motion to Dismiss Motion to Avoid Lien* explained why the lien was avoidable under 11 U.S.C. § 522(f) even if the debtor's property interest was worthless as of the petition date.[1]

II

At the trial of January 16, 2018, the debtor presented evidence establishing that his interest in Guadie Developments, LLC was worthless as of the petition date.  At the conclusion of the trial, the court issued an oral decision finding that, indeed, the debtor's interest in Guadie Developments, LLC was worthless, and concluding as a matter of law, consistent with the *Memorandum Decision and Order re Motion to Dismiss Motion to Avoid Lien* (Dkt. No. 160), that Santorini's lien may be avoided under 11 U.S.C. § 522(f).

Through inadvertence, after the trial and the court's issuance of an oral decision ruling that the *Motion to Avoid Judicial Lien* would be granted, no written order was entered

---

[1] The court delivered a copy of the *Memorandum Decision and Order re Motion to Dismiss Motion to Avoid Lien* to the attorneys for both parties on January 16, 2018, at the commencement of the trial of the *Motion to Avoid Judicial Lien*.

granting the *Motion to Avoid Judicial Lien*. On January 17, 2018, Santorini filed a notice of appeal regarding the *Memorandum Decision and Order re Motion to Dismiss Motion to Avoid Lien* (Dkt. No. 160) and the court's decision regarding the *Motion to Avoid Lien* (mistakenly indicating that the judgment, order, or decree being appealed was entered on January 17, 2018). *See* Dkt. No. 161. Pursuant to Fed. R. Bankr. P. 8002(a)(2), "[a] notice of appeal filed after the bankruptcy court announces a decision or order—but before entry of the judgment, order or decree—is treated as filed on the date of and after the entry." Accordingly, I assume that the notice of appeal will be treated as a timely notice of appeal from the order that will follow granting the Debtor's *Motion to Avoid Judicial Lien as Impairing Exemption and as Preferential Transfer* with respect to the request for avoidance of Santorini's lien under 11 U.S.C. § 522(f).

III

The transcript of the oral decision is not a perfect rendering of the oral decision and the oral decision was less complete than it could have been (having not stated the underlying background facts with which both parties were

familiar).  For that reason, I supplement the oral decision as follows.[2]

A.

BACKGROUND

On October 14, 2016, Santorini obtained a judgment against the debtor in the action styled *Santorini Capital LLC v. Lulseged Guadie* in the Superior Court for the District of Columbia, Case No. 2016 CA 001121 B, in the amount of $1,893,407.23.  *See Motion to Avoid Lien*, Dkt. No. 107 Ex. A.  In November 28, 2016, in execution upon the judgment, Santorini obtained from the Superior Court of the District of Columbia a charging order against the debtor's membership interest in Guadie Developments, LLC.  *See Motion to Avoid Lien* Dkt. No. 107, Ex. E.  A charging order "constitutes a lien on the judgment Debtor's transferable interest [in the LLC]. . . ." D.C. Code § 29-805.03.

On January 31, 2017, Lulseged Guadie, as debtor, filed in this court a voluntary petition under chapter 7 of the Bankruptcy Code (11 U.S.C.), commencing this bankruptcy case, Case no. 17-00054.  The debtor listed Santorini on his Schedule E/F as an unsecured creditor with a disputed claim of $1,893,407.23.  *See* Dkt. No. 27, at 19.  In his Schedule C, the debtor valued his

---

[2] This supplementation controls to the extent of any inconsistencies with the court's oral decision (for example, inconsistencies with respect to the amount of the liens at issue).

4

membership interests in 608 Girard Street, LLC, and in Guadie Developments, LLC, at $1 each, and listed both interests as exempt, pursuant to 11 U.S.C. § 522(d)(5).  *See* Dkt. No. 38, at 8-9.  On August 2, 2017, the debtor filed a *Motion to Avoid Judicial Lien as Impairing Exemption and as Preferential Transfer* (Dkt. No. 107).  Santorini filed a timely opposition thereto (Dkt. No. 121) and later filed a motion for dismissal (Dkt. No. 141) of the debtor's *Motion to Avoid Lien*.  The court denied Santorini's request for dismissal and a trial was held regarding the debtor's motion on January 16, 2018.

B.

WORTHLESSNESS OF THE DEBTOR'S
INTEREST IN GUADIE DEVELOPMENTS, LLC

Santorini's statement of issues to be presented on appeal (Dkt. No. 170) indicates that the issue on appeal is that, in contrast to this court's ruling, its lien cannot be avoided because the debtor values the interest in Guadie Developments, LLC as worthless.  The following explains why the interest is, indeed, worthless if the finding in that regard should be questioned on appeal.

Santorini obtained from the Superior Court of the District of Columbia a charging order against the debtor's membership interest in Guadie Developments, LLC.  The only asset of Guadie Developments, LLC is a parcel of improved real property known as 1541 5th Street #2, N.W., Washington, D.C. (the "5th Street

5

Property"). The 5th Street Property was worth only $1,210,000, as of the petition date. *See* Ex. 6.[3] However, the 5th Street Property was encumbered by liens, which must be taken into account in fixing the value of the debtor's interest in Guadie Developments, LLC:

- Two liens, securing debts owed to Capital Bank, N.A., stood at $1,569,761.50 and $484,345.68, respectively, as of the petition date. *See* Ex. 15.

- A third lien, securing a debt owed to Church Street Capital, LLC, stood at in excess of $157,500 as of the petition date. *See* Ex. 16.

- A fourth lien, securing a debt owed to Equity Trust Company, Custodian, for the benefit of John M. Fauver, IRA, stood at in excess of $250,000 as of the petition date. *See* Ex. 17.

The four liens stood at an aggregate amount in excess of $2,461,607.18 as of the petition date.

Except for the debt owed to Equity Trust, the debts secured by the liens against the 5th Street Property were secured by the property of another entity, 608 Girard Street, LLC.[4] The sole

---

[3] All citations to exhibits that do not contain citations to docket entries refer to exhibits received into evidence at the trial held on January 16, 2018.

[4] The debtor owned a 2% interest in 608 Girard Street, LLC, but Santorini's charging order did not apply to that 2% interest, and, in any event, that 2% interest was worthless as well.

6

asset of 608 Girard Street, LLC is a property known as 1461 Chapin Street, N.W., Washington, D.C., a property worth only $1,025,000 as of the petition date. *See* Ex. 7.

Accordingly, the debtor's interest in Guadie Developments, LLC was worthless:

- The combined value of the properties of the two LLCs as of the petition date was only $2,235,000 (the sum of $1,210,000 and $1,025,000), and that is less than the aggregate amount of the liens encumbering the sole asset of Guadie Developments, LLC as of the petition date-an amount exceeding $2,461,607.18.

- Moreover, 608 Girard Street, LLC's property (1461 Chapin Street, N.W.) was encumbered additionally by a lien securing a debt owed to Ganges Financial Group, LLC, which stood at $256,040 as of the petition date. Accordingly, as of the petition date, the combined amount of the liens against the two LLCs' assets exceeded $2,717,647.18 (the sum of $2,461,607.18 and $256,040), far in excess of the $2,235,000 combined value of the assets of the two LLCs.

At one point, the debtor had a 100% interest in Guadie Developments, LLC. He transferred 98% of the interest in the LLC to his brothers prior to the commencement of this bankruptcy case. Santorini argues that the transfer was a sham and has

raised that issue in an adversary proceeding that has not yet been resolved. However, whether the debtor's interest in Guadie Developments, LLC is 2% or 100% does not matter for purposes of the instant motion. Either way, the debtor's interest in each LLC was worthless as of the petition date because the liens against the assets of the LLCs far outweigh the value of those assets.

C.

AVOIDABILITY OF THE CHARGING ORDER

Because the debtor's interest in Guadie Developments, LLC was worthless, the charging order was avoidable under 11 U.S.C. § 522(f), as a matter of law, for the reasons explained in Part I of the *Memorandum Decision and Order re Motion to Dismiss Motion to Avoid Lien* (Dkt. No. 160, at 1-6).[5]

IV

An order follows granting the *Debtor's Motion to Avoid Judicial Lien as Impairing Exemption and as Preferential Transfer* (Dkt. No. 107) with respect to avoidance of the lien under 11 U.S.C. § 522(f).

[Signed and dated above.]

Copies to: E-recipients of filings.

---

[5] Because the charging order is avoidable as a matter of law pursuant to 11 U.S.C. § 522(f), it is unnecessary to address whether the lien was additionally avoidable as a preferential transfer.