The document below is hereby signed.

Signed: March 5, 2018



_S. Martin Teel_

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
LULSEGED GUADIE,               )     Case No. 17-00054
                               )     (Chapter 7)
                Debtor.        )     Not for publication in
                               )     West's Bankruptcy Reporter.

MEMORANDUM DECISION SUPPLEMENTING
ORAL DECISION RE MOTION TO AVOID LIEN

The Debtor's *Motion to Avoid Judicial Lien as Impairing Exemption and as Preferential Transfer* (Dkt. No. 107) ("*Motion to Avoid Lien*") sought to avoid a judicial lien (a charging order) in favor of Santorini Capital, LLC ("Santorini") on the 2% interest of the debtor, Lulseged Guadie, in Guadie Developments, LLC, as to which the debtor claimed an exemption of $1.  This supplements the court's oral decision of January 16, 2018, granting the debtor's *Motion to Avoid Lien* with respect to avoidance of the charging order under 11 U.S.C. § 522(f).

I

On November 30, 2017, Santorini moved for dismissal of the debtor's *Motion to Avoid Lien*, essentially arguing that a debtor

may not avoid a lien on property that the debtor values as
worthless.   Pursuant to a *Memorandum Decision and Order re Motion
to Dismiss Motion to Avoid Lien* (Dkt. No. 160) signed on January
12, 2018, and entered on January 16, 2018, the court denied
Santorini's request for dismissal.   That *Memorandum Decision and
Order re Motion to Dismiss Motion to Avoid Lien* explained why the
lien was avoidable under 11 U.S.C. § 522(f) even if the debtor's
property interest was worthless as of the petition date.[1]

II

At the trial of January 16, 2018, the debtor presented
evidence establishing that his interest in Guadie Developments,
LLC was worthless as of the petition date.   At the conclusion of
the trial, the court issued an oral decision finding that,
indeed, the debtor's interest in Guadie Developments, LLC was
worthless, and concluding as a matter of law, consistent with the
*Memorandum Decision and Order re Motion to Dismiss Motion to
Avoid Lien* (Dkt. No. 160), that Santorini's lien may be avoided
under 11 U.S.C. § 522(f).

Through inadvertence, after the trial and the court's
issuance of an oral decision ruling that the *Motion to Avoid
Judicial Lien* would be granted, no written order was entered

---

[1]     The court delivered a copy of the *Memorandum Decision
and Order re Motion to Dismiss Motion to Avoid Lien* to the
attorneys for both parties on January 16, 2018, at the
commencement of the trial of the *Motion to Avoid Judicial Lien*.

granting the *Motion to Avoid Judicial Lien*.  On January 17, 2018,

Santorini filed a notice of appeal regarding the *Memorandum*

*Decision and Order re Motion to Dismiss Motion to Avoid Lien*

(Dkt. No. 160) and the court's decision regarding the *Motion to*

*Avoid Lien* (mistakenly indicating that the judgment, order, or

decree being appealed was entered on January 17, 2018).  *See* Dkt.

No. 161.  Pursuant to Fed. R. Bankr. P. 8002(a)(2), "[a] notice

of appeal filed after the bankruptcy court announces a decision

or order—but before entry of the judgment, order or decree—is

treated as filed on the date of and after the entry."

Accordingly, I assume that the notice of appeal will be treated

as a timely notice of appeal from the order that will follow

granting the Debtor's *Motion to Avoid Judicial Lien as Impairing*

*Exemption and as Preferential Transfer* with respect to the

request for avoidance of Santorini's lien under 11 U.S.C.

§ 522(f).

### III

The transcript of the oral decision is not a perfect

rendering of the oral decision and the oral decision was less

complete than it could have been (having not stated the

underlying background facts with which both parties were

familiar).   For  that reason, I supplement the oral decision as
follows.[2]

A.

BACKGROUND

On October 14, 2016, Santorini obtained a judgment against
the debtor in the action styled *Santorini Capital LLC v. Lulseged
Guadie* in the Superior Court for the District of Columbia, Case
No. 2016 CA 001121 B, in the amount of $1,893,407.23.  *See Motion
to Avoid Lien*, Dkt. No. 107 Ex. A.  In November 28, 2016, in
execution upon the judgment, Santorini obtained from the Superior
Court of the District of Columbia a charging order against the
debtor's membership interest in Guadie Developments, LLC.  *See
Motion to Avoid Lien* Dkt. No. 107, Ex. E.  A charging order
"constitutes a lien on the judgment Debtor's transferable
interest [in the LLC]. . . ." D.C. Code § 29-805.03.

On January 31, 2017, Lulseged Guadie, as debtor, filed in
this court a voluntary petition under chapter 7 of the Bankruptcy
Code (11 U.S.C.), commencing this bankruptcy case, Case no. 17-
00054.  The debtor listed Santorini on his Schedule E/F as an
unsecured creditor with a disputed claim of $1,893,407.23.  *See*
Dkt. No. 27, at 19.  In his Schedule C, the debtor valued his

---

[2]   This supplementation controls to the extent of any
inconsistencies with the court's oral decision (for example,
inconsistencies with respect to the amount of the liens at
issue).

4

membership interests in 608 Girard Street, LLC, and in Guadie

Developments, LLC, at $1 each, and listed both interests as

exempt, pursuant to 11 U.S.C. § 522(d)(5).  *See* Dkt. No. 38, at

8-9.  On August 2, 2017, the debtor filed a *Motion to Avoid*

*Judicial Lien as Impairing Exemption and as Preferential Transfer*

(Dkt. No. 107).  Santorini filed a timely opposition thereto

(Dkt. No. 121) and later filed a motion for dismissal (Dkt. No.

141) of the debtor's *Motion to Avoid Lien.*  The court denied

Santorini's request for dismissal and a trial was held regarding

the debtor's motion on January 16, 2018.

B.

WORTHLESSNESS OF THE DEBTOR'S
INTEREST IN GUADIE DEVELOPMENTS, LLC

Santorini's statement of issues to be presented on appeal

(Dkt. No. 170) indicates that the issue on appeal is that, in

contrast to this court's ruling, its lien cannot be avoided

because the debtor values the interest in Guadie Developments,

LLC as worthless.  The following explains why the interest is,

indeed, worthless if the finding in that regard should be

questioned on appeal.

Santorini obtained from the Superior Court of the District

of Columbia a charging order against the debtor's membership

interest in Guadie Developments, LLC.  The only asset of Guadie

Developments, LLC is a parcel of improved real property known as

1541 5th Street #2, N.W., Washington, D.C. (the "5th Street

Property"). The 5th Street Property was worth only $1,210,000,

as of the petition date. *See* Ex. 6.[3] However, the 5th Street

Property was encumbered by liens, which must be taken into

account in fixing the value of the debtor's interest in Guadie

Developments, LLC:

- Two liens, securing debts owed to Capital Bank, N.A.,

   stood at $1,569,761.50 and $484,345.68, respectively,

   as of the petition date. *See* Ex. 15.

- A third lien, securing a debt owed to Church Street

   Capital, LLC, stood at in excess of $157,500 as of the

   petition date. *See* Ex. 16.

- A fourth lien, securing a debt owed to Equity Trust

   Company, Custodian, for the benefit of John M. Fauver,

   IRA, stood at in excess of $250,000 as of the petition

   date. *See* Ex. 17.

The four liens stood at an aggregate amount in excess of

$2,461,607.18 as of the petition date.

Except for the debt owed to Equity Trust, the debts secured

by the liens against the 5th Street Property were secured by the

property of another entity, 608 Girard Street, LLC.[4] The sole

---

[3] All citations to exhibits that do not contain citations
to docket entries refer to exhibits received into evidence at the
trial held on January 16, 2018.

[4] The debtor owned a 2% interest in 608 Girard Street, LLC,
but Santorini's charging order did not apply to that 2% interest,
and, in any event, that 2% interest was worthless as well.

asset of 608 Girard Street, LLC is a property known as 1461

Chapin Street, N.W., Washington, D.C., a property worth only

$1,025,000 as of the petition date.  *See* Ex. 7.

   Accordingly, the debtor's interest in Guadie Developments,

LLC was worthless:

- The combined value of the properties of the two LLCs as
     of the petition date was only $2,235,000 (the sum of
     $1,210,000 and $1,025,000), and that is less than the
     aggregate amount of the liens encumbering the sole
     asset of Guadie Developments, LLC as of the petition
     date-an amount exceeding $2,461,607.18.

- Moreover, 608 Girard Street, LLC's property (1461
     Chapin Street, N.W.) was encumbered additionally by a
     lien securing a debt owed to Ganges Financial Group,
     LLC, which stood at $256,040 as of the petition date.
     Accordingly, as of the petition date, the combined
     amount of the liens against the two LLCs' assets
     exceeded $2,717,647.18 (the sum of $2,461,607.18 and
     $256,040), far in excess of the $2,235,000 combined
     value of the assets of the two LLCs.

At one point, the debtor had a 100% interest in Guadie

Developments, LLC.  He transferred 98% of the interest in the LLC

to his brothers prior to the commencement of this bankruptcy

case.  Santorini argues that the transfer was a sham and has

raised that issue in an adversary proceeding that has not yet

been resolved.  However, whether the debtor's interest in Guadie

Developments, LLC is 2% or 100% does not matter for purposes of

the instant motion.  Either way, the debtor's interest in each

LLC was worthless as of the petition date because the liens

against the assets of the LLCs far outweigh the value of those

assets.

C.

AVOIDABILITY OF THE CHARGING ORDER

Because the debtor's interest in Guadie Developments, LLC

was worthless, the charging order was avoidable under 11 U.S.C.

§ 522(f), as a matter of law, for the reasons explained in Part I

of the *Memorandum Decision and Order re Motion to Dismiss Motion

to Avoid Lien* (Dkt. No. 160, at 1-6).[5]

IV

An order follows granting the *Debtor's Motion to Avoid

Judicial Lien as Impairing Exemption and as Preferential Transfer*

(Dkt. No. 107) with respect to avoidance of the lien under 11

U.S.C. § 522(f).

[Signed and dated above.]

Copies to: E-recipients of filings.

---

[5]   Because the charging order is avoidable as a matter of
law pursuant to 11 U.S.C. § 522(f), it is unnecessary to address
whether the lien was additionally avoidable as a preferential
transfer.

H:\Common\TroiJBW\Judge Temp Docs\Guadie (LuLemgel) - Order Amending Oral Decision re Mtn to Avoid Lien_v5.wpd